808 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Barry SAUNDERS, Plaintiff-Appellant,
v.
John G. PATSEAVOURAS; Aaron J. Johnson; Nevelle O. Jones;
James M. Butler; R.A.L. Walker; All Supervisors, Wardens,
Programmers, and Line Officers of the North Carolina
Department of Corrections, Defendants-Appellees.
 No. 86-7271.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1986.
Decided Dec. 23, 1986.
 
 Before SPROUSE, ERVIN and WILKINS, Circuit Judges.
 John Barry Saunders, pro se.
 Jacob L. Safron, Deputy Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 John Barry Saunders, a North Carolina inmate, appeals the entry of summary judgment for defendants in his civil rights action brought under 42 U.S.C. Sec. 1983. Saunders claimed that the defendants, prison administrators and a prison chaplain, deprived him of his First Amendment rights when they allegedly denied him freedom to practice the Native American religion, by denying him sacred objects and ceremonies. Among other things, Saunders requested that the state provide medicine men, sweat lodges, clothing, pipes, and tobacco.
 
 
 2
 Prisoners have First Amendment rights, Bell v. Wolfish, 441 U.S. 520 (1979), and must be accorded a reasonable opportunity to pursue their religion comparable to that afforded other prisoners following more conventional religions. Cruz v. Beto, 405 U.S. 319, 322 (1972); Dettmer v. Landon, 799 F.2d 929, 933 (4th Cir.1986). Uncontroverted sworn affidavits and exhibits filed by the defendants with their motion for summary judgment establish that prison officials have tried to facilitate Saunders' practice of his faith, by making available a chapel, and attempting to arrange for a medicine man for Saunders. Additionally, Saunders has access to written materials pertinent to his faith. All that is required is a reasonable opportunity to practice one's religion, and such an opportunity has been afforded Saunders by the defendants.*
 
 
 3
 Saunders argues that 42 U.S.C. Sec. 1996 creates an obligation upon the state to provide all items and facilities necessary to practice the Native American religion. 42 U.S.C. Sec. 1996 was merely a joint resolution by Congress stating a policy, and created no substantive rights.
 
 
 4
 Finally, Saunders requested that he be transferred to California under the Interstate Corrections Compact, N.C.Gen.Stat. Sec. 148-119. As the district court correctly found, the ICC creates no federal substantive rights, and is strictly a matter for state resolution.
 
 
 5
 For the reasons stated above, we affirm the judgment entered for defendants. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Unlike the claims presented in Dettmer v. Landon, 799 F.2d 929 (4th Cir.1986), Saunders argues that the state has a duty to provide materials for religious practice. In Dettmer, the prisoner was willing to provide the items, but access was denied for institutional reasons. In some sense, Saunders' claims are less compelling